# Exhibit A
## Part 1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

IRIS GERALDINE CARR AND
RONNIE CARLETON CARR,

           Plaintiffs,

v.

ETHICON, INC.; AMERICAN
MEDICAL SYSTEMS, INC.;
BOSTON SCIENTIFIC, LLC;
STEPHANIE H. GORDON, M.D.;
THE WOMEN'S CENTER, P.A.;
ALLEN ASHLEY FUTRAL, III,
M.D.; GEORGIA UROLOGY, P.A.;
LIFEPOINT HOSPITALS, INC.;
LIFEPOINT HOSPITALS, INC.,
D/B/A ROCKDALE MEDICAL
CENTER; AND JOHN DOE(S),

           Defendants.

CIVIL ACTION
FILE NO. 11EV01 23828

## ORIGINAL COMPLAINT WITH INTERROGATORIES TO ALL DEFENDANTS AND REQUESTS FOR PRODUCTION TO DEFENDANTS ETHICON, INC., AMERICAN MEDICAL SYSTEMS, INC., AND BOSTON SCIENTIFIC, LLC

Plaintiffs Iris and Ronnie Carr, by and through undersigned counsel, file this Complaint, showing the Court as follows:

## PARTIES & JURISDICTION

1.    Plaintiffs are citizens of the State of Georgia.

2.    Defendant Stephanie H. Gordon is a board certified physician in obstetrics and gynecology.  Dr. Stephanie Gordon is a resident of Fulton County and can be served at her residence located 2250 Bigwood Trail, Atlanta, Georgia 30349 or her business address, 2750 Owens Dr., Suite A, Conyers, GA 30094

3.     The Women's Center, P.A. is a Georgia organization with its principal address at 2750 Owens Drive, Suite A, Conyers, Georgia 30094. This defendant may be served with process by serving its registered agent, William A. Miller, at 1590 Phoenix Boulevard, #100, College Park, Georgia 30349.

4.     Defendant Allen Ashley Futral, III, M.D. is board certified by the American Board of Urology. Defendant Allen Ashley Futral, III, M.D. may be served with process at 175 Country Club Drive Building 300, Suite D, Stockbridge, Georgia 30281.

5.     Defendant Georgia Urology, P.A. is a Georgia organization with its principal address at 175 Country Club Drive Building 300, Suite D, Stockbridge, Georgia 30281. This defendant may be served with process by serving its registered agent, Margaret Philmon, at the above address.

6.     Defendant Lifepoint Hospitals, Inc. is a corporation incorporated under the laws of the state of Delaware. Lifepoint's principal place of business is located at 103 Powell Court, Brentwood, Tennessee 37027. This defendant may be served with process by serving its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

7.     Defendant Lifepoint Hospitals, Inc., d/b/a Rockdale Medical Center, is a corporation incorporated under the laws of the state of Delaware. This defendant's principal place of business is located at 103 Powell Court, Brentwood, Tennessee 37027. This defendant may be served with process by serving its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

3

8.      Defendants Lifepoint Hospitals, Inc. and Lifepoint Hospitals, Inc., d/b/a Rockdale Medical Center, Inc., will collectively be referred to as "Lifepoint."

9.      Defendant(s) John Doe, whose name(s) are unknown to Plaintiffs, is/are a distributor(s) of the surgical mesh products that were provided to Defendants Lifepoint, Futral, and Gordon.  Plaintiffs will provide service of process information for this/these defendant(s) as soon as it becomes available.

10.     Defendant American Medical Systems, Inc. ("AMS") is a corporation that is incorporated under the laws of the state of Delaware.  AMS has its principal place of business in the state of Minnesota. All acts and omissions of AMS as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.  AMS manufactures the SPARC™ Sling System ("SPARC"), commonly referred to as surgical mesh, sling or urethral sling.  AMS focuses its business on medical devices designed to treat men and women with pelvic disorders.  AMS at all times relevant did substantial and continuous business in the state of Georgia.  This defendant may be served with process by serving its registered agent for service of process, Shannon Dunleavy, 10700 Bren Road, West, Minnetonka, Minnesota 55343.

11.     Defendant Boston Scientific, Inc. ("Boston Scientific") is a Delaware corporation with its principal place of business in Massachusetts. All acts and omissions of Boston Scientific as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership. Boston Scientific manufactures the Pinnacle™ Pelvic Floor System ("Pinnacle"), commonly referred to as surgical mesh.  Boston Scientific

4

focuses its business on medical devices designed to treat women with pelvic organ prolapse. Boston Scientific at all times relevant did substantial and continuous business in the state of Georgia. This defendant may be served with process by serving its registered agent for service of process, Corporation Service Company, 40 Technology Parkway S #300, Norcross, Georgia 30092.

12.     Defendant Ethicon, Inc. ("Ethicon") is a New Jersey corporation with its principal place of business in Massachusetts. All acts and omissions of Ethicon as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership. Ethicon manufactures the Gynecare TVT Secur™ Tension-Free Support ("TVT") and Gynecare Prolift™ Posterior Pelvic Floor Repair System ("Prolift"), commonly referred to as surgical mesh. Ethicon focuses its business on medical devices designed to treat women with pelvic organ prolapse. Ethicon at all times relevant did substantial and continuous business in the state of Georgia. This defendant may be served with process by serving its registered agent for service of process, Corporation Process Company 2180 Satellite Boulevard, Suite 400 Cobb, Georgia, 30097.

13.     The SPARC, Pinnacle, TVT Secur, and Prolift are collectively referred to as the "Products."

14.     Pursuant to Georgia Code § 9-3-97.1, Plaintiffs' counsel requested Plaintiff Iris Carr's medical records on April 11, 2011 via certified mail, return receipt requested. Plaintiffs attach their request hereto as "Exhibit A." Plaintiffs are entitled to rely on the provisions of Georgia Code § 9-3-97.1.

15.     Plaintiffs' causes of action originated in part in Fulton County.

Jurisdiction and venue are proper in this Court.

## VENUE

16.     Jurisdiction is proper in Fulton County under Georgia Code § 14-2-510 because that is the County where Defendant AMS's last named registered office, as shown by the records of the Secretary of State, was maintained.

## CONDITIONS PRECEDENT

17.     Plaintiffs have satisfied all conditions precedent to filing this lawsuit.

## FACTUAL BACKGROUND

18.     On September 17, 2008, Plaintiff Iris Carr underwent a surgical procedure to repair a grade 3 cystocele and stress incontinence. Dr. Stephanie Gordon, M.D. implanted a Pinnacle and TVT sling during the operation at Rockdale Medical Center in Conyers, Georgia.

19.     The Pinnacle and TVT sling were implanted in Plaintiff Iris Carr to treat her for a cystocele and stress urinary incontinence, the use for which the Pinnacle and TVT sling were designed, marketed and sold.

20.     On December 15, 2008, Defendant Gordon attempted to trim portions of the mesh she implanted in Plaintiff Iris Carr because it was protruding through Mrs. Carr's vagina.

21.     On April 13, 2009, Plaintiff Iris Carr underwent a subsequent surgery for stress urinary incontinence and grade 3 rectocele and vaginal mesh erosion.  Dr. Allen Futral, M.D. implanted a Prolift and a SPARC.

22.     The Prolift and SPARC were implanted in Plaintiff Iris Carr to treat her for a grade 3 rectocele and stress urinary incontinence, the use for which the Prolift and

TVT sling were designed, marketed and sold.

23.    As a result of having the Prolift, TVT sling, Pinnacle, and SPARC implanted in her, Plaintiff Iris Carr has experienced significant mental and physical pain and suffering, has sustained permanent injury and permanent and substantial physical deformity, and has undergone or will undergo corrective surgery or surgeries.

24.    Defendants John Doe, Lifepoint, Gordon, and Futral (collectively referred to as Defendant Distributors) acquired, either directly or indirectly, and resold the surgical mesh products implanted in Plaintiff Iris Carr from Defendants AMS, Boston Scientific, and Ethicon (Collectively referred to as "Defendant Manufacturers").

25.    Defendant AMS designed, manufactured, marketed, packaged, labeled, sold and distributed the SPARC, including the product that was implanted in Plaintiff Iris Carr.

26.    AMS markets, sells and distributes the SPARC in the United States, including that which was implanted in Plaintiff.

27.    Defendant Boston Scientific designed, manufactured, marketed, packaged, labeled, sold and distributed the Pinnacle, including the product that was implanted in Plaintiff Iris Carr.

28.    Boston Scientific markets, sells and distributes the Pinnacle in the United States, including that which was implanted in Plaintiff.

29.    Defendant Ethicon designed, manufactured, marketed, packaged, labeled, sold and distributed the Prolift and TVT sling, including the product that was implanted in Plaintiff Iris Carr.

30.    Ethicon markets, sells and distributes the Prolift and TVT sling in the

United States, including that which was implanted in Plaintiff.

## CAUSES OF ACTION

## COUNT I: MEDICAL NEGLIGENCE

### A.    Defendants Dr. Gordon and Dr. Futral

31.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

32.    Dr. Gordon and Dr. Futral ("Doctor Defendants") are individuals licensed to practice medicine in Georgia. The Doctor Defendants owed a duty of care to Plaintiff Iris Carr by virtue of their physician-patient relationship.  The Doctor Defendants were negligent in one or more particulars including, but not limited to:

  a. Failure to have knowledge of the risks associated with the use of mesh in the vagina.
  b. Failure to obtain proper informed consent.
  c. Failure to select the proper procedure.
  d. Failure to properly manage postoperative complications.

33.    During the Doctor Defendants' care and treatment of Plaintiff Iris Carr, Dr. Gordon and Dr. Futral violated their duty to the plaintiff to exercise that degree of care that physicians of ordinary prudence would have used under the same or similar circumstances by implanting a medical device they knew, or should have known, was defective and could cause serious injury and even death. Such acts and/or omissions, taken separately and/or collectively, constitute a proximate cause of the injuries and damages claimed in this lawsuit.

### B.    Defendants The Women's Center and Georgia Urology

34.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

35.     Defendants The Women's Center and Georgia Urology are liable for the breach of duty of care by Dr. Gordon and Dr. Futral, respectively, because the Defendant Doctors' acts were performed while they principals and/or employees, owners or members of The Women's Center and Georgia Urology to further and accomplish the objectives of said businesses.

### C.     Defendant Lifepoint

36.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

37.     Lifepoint owed a duty of care to Plaintiff Iris Carr. Lifepoint was negligent in permitting its network physicians, residents, interns, staff, associates, and personnel to use the Products implanted in Plaintiff Iris Carr for the purposes of treating her cystocele, rectocele, and stress urinary incontinence.  Once Lifepoint learned, or should have learned, that the Products were defective and posed a danger to patients, Lifepoint had a duty warn of the danger and to discontinue supplying this product to its surgical staff.

38.     Lifepoint negligently provided hospital services to Plaintiff Iris Carr and failed to intervene on her behalf to ensure proper medical care and attention in the placement and function of the Products.  Lifepoint had a duty to meet applicable standards of care, provide competent medical services and attention, provide competent and properly skilled persons to administer care and treatment, and safeguard patients to ensure that they are free from neglect.  Lifepoint failed to meet the applicable duties owed to Plaintiff Iris Carr. Mrs. Carr's injuries are the direct and proximate result of one or more of the medical care providers' acts or omissions. Plaintiffs assert that the acts and

omissions of these defendants constitute medical malpractice. Moreover, at all relevant times, the Hospital knew or should have known of the defects in the Products by reference to the prior recalls and/or adverse event reports but chose to ignore such information in willful and reckless disregard for the health and well-being of Plaintiff Iris Carr.

### i.      Direct Corporate Liability of Lifepoint

39.      Lifepoint owed a direct corporate duty to Plaintiff Iris Carr to use reasonable care in formulating and enforcing policies and procedures, rules, and bylaws by which its medical staff and personnel were to be governed.  Lifepoint had a further duty to supply safe equipment and instrumentalities for the care of its patients and to monitor the medical services provided by its employees and agents.  Such duties are non-delegable.  With regard to these duties, Lifepoint had a direct corporate responsibility to use that degree of care that a hospital of ordinary prudence would use under the same or similar circumstances.  During the hospitalization in question, Lifepoint was directly negligent in one or more particulars and such acts and/or omissions taken separately or collectively constitute a proximate cause of the injuries and damages claimed in this lawsuit.

### ii.     Vicarious Liability of Lifepoint

40.      All medical care providers involved in the care and treatment of Plaintiff Iris Carr during the hospitalization in question, including Defendant Doctors, were the agents, servants and/or employees of Lifepoint for whom Lifepoint is vicariously liable. All such agents, servants and/or employees had a duty to use that degree of care that a health care provider of ordinary prudence would have used under the same or similar

circumstances. The agents, servants and employees of Lifepoint involved in the care and treatment of the plaintiff were negligent in one or more particulars and such acts and/or omissions taken separately or collectively, constitute a proximate cause of the injuries and damages claimed in this lawsuit.

## COUNT II: LACK OF INFORMED CONSENT

41. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

42. Defendant Doctors and Plaintiff Iris Carr entered a physician-patient relationship that involved procedures with the Products. Because of this relationship, defendant physicians owed a statutory duty to obtain the informed consent of the plaintiff prior to inserting the surgical mesh.

43. Consent is informed if a patient has been given a description the procedure and the risks and alternatives that a reasonably prudent patient would require to make an informed decision as to that procedure. Defendant Doctors failed to obtain Plaintiff Iris Carr's informed consent because they did not give her a sufficient description of the procedure and its risks and alternatives. The procedure's risks and alternatives, had they been disclosed, would have been a substantial factor in reasonably prudent patient's decision whether to undergo the procedure. The risk of erosion, *inter alia*, of the Products in Plaintiff Iris Carr's body and the potential harm that would ensue would have been a material factor in plaintiff's decision to undergo the procedure.

44. As a direct and proximate result the Defendant Doctors' failure to obtain Plaintiff Iris Carr's informed consent, Plaintiff Iris Carr suffered and will continue to suffer injuries and damages.

# COUNT III: NEGLIGENCE

### A.    Defendant Manufacturers

45.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

46.    Defendant Manufacturers had a duty to individuals, including Plaintiff Iris Carr, to use reasonable care in designing, manufacturing, marketing, labeling, packaging, and selling the Products.

47.    Defendant Manufacturers were negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging, and selling the Products.

48.    As a direct and proximate result of Defendant Manufacturers' negligence, Plaintiff Iris Carr was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

### B.    Defendant(s) John Doe

49.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

50.    Defendant(s) John Doe had a duty to individuals, including Plaintiff Iris Carr, to use reasonable care in distributing and/or selling the Products.

51.    Defendant(s) John Doe were negligent in failing to use reasonable care in distributing and/or selling the Products.

52.    As a direct and proximate result of the negligence of Defendant(s) John Doe, Plaintiff Iris Carr was caused and/or in the future will be caused to suffer severe

personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

## C.    Defendant Lifepoint

53.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

54.    Defendant Lifepoint had a duty to individuals, including Plaintiff Iris Carr, to use reasonable care in distributing and/or selling the Products.

55.    Defendant Lifepoint was negligent in failing to use reasonable care in distributing and/or selling the Products.

56.    As a direct and proximate result of Defendant Lifepoint's negligence, Plaintiff Iris Carr was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

## D.    Defendant Doctors

57.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

58.    Defendant Doctors had a duty to individuals, including Plaintiff Iris Carr, to use reasonable care in distributing and/or selling the Products.

59.    Defendant Doctors were negligent in failing to use reasonable care in distributing and/or selling the Products.

60.    As a direct and proximate result of Defendant Doctors' negligence,

Plaintiff Iris Carr was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

## COUNT IV: STRICT LIABILITY – DESIGN DEFECT

61.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

62.     The Products implanted in Plaintiff Iris Carr were not reasonably safe for their intended use and were defective as a matter of law with respect to their design.

63.     As a direct and proximate result of the Products' aforementioned defects, Plaintiff Iris Carr was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

64.     Defendants are strictly liable to Plaintiff Iris Carr for designing, manufacturing, marketing, labeling, packaging, and selling the defective products.

## COUNT V: STRICT LIABILITY – MANUFACTURING DEFECT

65.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

66.     The Products implanted in Plaintiff Iris Carr were not reasonably safe for their intended use and were defective as a matter of law with respect to their manufacture.

67.     As a direct and proximate result of the Products' aforementioned defects, Plaintiff Iris Carr was caused and/or in the future will be caused to suffer severe personal

injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

68.     Defendants are strictly liable to Plaintiff Iris Carr for designing, manufacturing, marketing, labeling, packaging, and selling the defective products.

## COUNT VI: STRICT LIABILITY – FAILURE TO WARN

69.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

70.     The Products implanted in Plaintiff Iris Carr were not reasonably safe for their intended use and were defective as a matter of law due to their lack of appropriate and necessary warnings.

71.     As a direct and proximate result of the Products' aforementioned defects, Plaintiff Iris Carr was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

72.     Defendants are strictly liable to Plaintiff Iris Carr for designing, manufacturing, marketing, labeling, packaging, and selling the defective products.

## COUNT VII: BREACH OF EXPRESS WARRANTY

73.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

74.     Defendants made assurances to the general public, hospitals, and health care professionals that the Products were safe and reasonably fit for their intended

purposes.

75.     Plaintiff Iris Carr and/or her health care provider chose the Products based upon Defendants' warranties and representations regarding the safety and fitness of the Products.

76.     Plaintiff Iris Carr, individually and/or by and through her physicians, reasonably relied upon Defendants' express warranties and guarantees that the Products were safe, merchantable, and reasonably fit for their intended purposes.

77.     Defendants breached these express warranties because the Products implanted in Plaintiff Iris Carr were unreasonably dangerous and defective and not as Defendants had represented.

78.     Defendants' breaches of their express warranties resulted in the implantation of unreasonably dangerous and defective products in Plaintiff Iris Carr's body, placing said Plaintiff's health and safety in jeopardy.

79.     As a direct and proximate result of Defendants' breaches of the aforementioned express warranties, Plaintiff Iris Carr was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

## COUNT VIII: BREACH OF IMPLIED WARRANTY

80.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

81.     Defendants impliedly warranted the Products were merchantable and fit for the ordinary purposes for which they were intended.

82.    When the Products were implanted in Plaintiff Iris Carr to treat her urinary incontinence, rectocele, and cystocele, the Products were being used for the ordinary purposes for which they were intended.

83.    Plaintiff Iris Carr, individually and/or by and through her physicians, relied upon Defendants' implied warranties of merchantability in consenting to have the Products implanted in her.

84.    Defendants breached these implied warranties of merchantability because the Products implanted in Plaintiff Iris Carr were neither merchantable nor suited for their intended uses as warranted.

85.    Defendants' breaches of their implied warranties resulted in the implantation of unreasonably dangerous and defective products in Plaintiff Iris Carr's body, placing said Plaintiff's health and safety in jeopardy.

86.    As a direct and proximate result of Defendants' breaches of the aforementioned implied warranties, Plaintiff Iris Carr was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

## Count IX:  Fraudulent Concealment – Defendant Manufacturers

87.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

88.    At all times during the course of this dealing between Plaintiff Iris Carr and Defendant Manufacturers, Defendant Manufacturers misrepresented that the Products were safe for their intended use.

89.     Defendant Manufacturers knew or were reckless in not knowing that their representations were false.

90.     In representations to Plaintiff Iris Carr, the FDA, and the general public, Defendant Manufacturers fraudulently concealed and intentionally omitted the following material information that:

a.     the Products were not safe for repairing cystoceles, rectoceles, and/or stress urinary incontinence;

b.     the risk of serious injury and side effects with the Products were not adequately tested by Defendant Manufacturers;

c.     Defendant Manufacturers were aware of dangers with the Products;

d.     the Products were defective caused dangerous side effects as well as other severe and permanent health consequences;

e.     patients needed to be monitored more regularly than normal while using the Products;

f.     the Products were manufactured negligently;

g.     the Products were manufactured defectively;

h.     the Products were manufactured improperly;

i.     the Products were designed negligently;

j.     the Products were designed defectively; and

k.     the Products were designed improperly.

91.     Defendant Manufacturers were under a duty to disclose to plaintiffs, the FDA and the general public the defective nature of the Products.

92.     Defendant Manufacturers had sole access to material facts concerning the defective nature of the Products and their propensity to cause serious and dangerous side effects and caused damage to persons who used the Products, including Plaintiff Iris Carr.

93.     Defendant Manufacturers knew that the plaintiffs had no way to determine the truth behind Defendant Manufacturers' concealment and omissions.

94.     Plaintiff Iris Carr reasonably relied upon facts that Defendant Manufacturers negligently, fraudulently, and/or purposefully disclosed to her. Defendant

Manufacturers additionally concealed and/or omitted material facts from Plaintiff Iris Carr.

95.     As a direct and proximate result of Defendant Manufacturers' fraudulent concealment, Plaintiff Iris Carr suffered and will continue to suffer injuries and damages.

## Count X:  Fraudulent Misrepresentation – Defendant Manufacturers

96.     Plaintiff Iris Carr re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

97.     At all relevant times, Defendant Manufacturers designed, manufactured, tested, packaged, labeled, promoted, distributed, and sold the Products and Plaintiff Iris Carr was the recipient of their product.

98.     Defendant Manufacturers falsely and fraudulently represented to Plaintiff Iris Carr, the FDA, and the general public that the Products had been tested and were found to be safe and effective for its intended use for treating a cystocele, rectocele, and stress urinary incontinence.

99.     The representations made by Defendant Manufacturers were, in fact, false.

100.    When these representations were made by Defendant Manufacturers, they knew the representations to be false and willfully, wantonly, and recklessly disregarded whether the representations were true.

101.    The representations were made by Defendant Manufacturers with the intent of defrauding and deceiving the plaintiffs, the FDA, and the general public.

102.    At the time the representations were made by Defendant Manufacturers, and at the time that Plaintiff Iris Carr used the Products, Plaintiff Iris Carr was unaware of the falsity of these representations and reasonably believed them to be true.

103.    In reliance upon Defendant Manufacturers' representations, Plaintiff Iris Carr was induced to and did use the Products and, as a consequence, sustained severe and permanent personal injuries and is at risk for sustaining severe and permanent injuries in the future.

104.    Defendant Manufacturers knew and were aware that the Products had not been sufficiently tested, were defective in nature, and/or the Products lacked adequate and/or sufficient warnings.

105.    Defendant Manufacturers knew or should have known that the Products had a potential to, could, and would cause severe and grievous injury to the users of the Products and that the Products were inherently dangerous.

106.    Defendant Manufacturers brought the Products to the market and acted fraudulently to the detriment of the plaintiffs.

107.    As a direct and proximate result of Defendant Manufacturers' fraudulent misrepresentations, Plaintiff Iris Carr suffered and will continue to suffer injuries and damages.

## COUNT XI: LOSS OF CONSORTIUM

108.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

109.    As a direct and proximate result of Plaintiff Iris Carr's injuries, her husband, Ronnie Carr, has lost the society, companionship, love, affection, aid, services, cooperation, sexual relations, and comfort of his wife.  Plaintiff Ronnie Carr is therefore entitled to damages for loss of consortium.

## COUNT XII: PUNITIVE DAMAGES

110.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

111.    Defendant Manufacturers knew or should have known that the Products were defective and presented an unreasonable risk of harm to Plaintiff Iris Carr.

112.    Defendants Manufacturers' conduct as described in this Complaint, for which Plaintiff is entitled to recover compensatory damages, manifested a conscious indifference to, and/or flagrant disregard of, the safety of those persons who might foreseeably have been harmed by the Products, including Plaintiff Iris Carr, justifying the imposition of punitive damages.

## COUNT XIII: ATTORNEY FEES

113.    Plaintiffs incorporate by reference paragraphs 1-46 of this Complaint as if fully set forth herein.

114.    Because Defendant Manufacturers have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense, Plaintiff is entitled to an award of her expenses of litigation and her attorney fees.

## XIV: DISCOVERY REQUESTS

115.    Request for Production

Each Defendant, are hereby requested to produce, within 45 days of service of this petition, the documents set forth on the Requests for Production propounded on behalf of all Plaintiffs to each named Defendant and attached to this Original Petition.

**Notice:  If your set of requests for production is not attached for any reason**

whatsoever, please contact our office immediately upon being served and we will provide you with an additional copy.

116.    Interrogatories

Each Defendant is requested to answer the attached interrogatories that have been propounded on behalf of Iris Carr to each named Defendant within 45 days of service of this petition.  **Notice:  If your set interrogatories is not attached for any reason whatsoever, please contact our office immediately upon being served and we will provide you with an additional copy.**

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendants for compensatory and punitive damages in amounts to be determined at trial, as well as costs, attorney fees, interest, or any other relief, monetary or equitable, to which they are entitled.

PLAINTIFFS DEMAND A TRIAL BY JURY.

/s/ Mak R. Mueller
Georga Bar No. 100108
Attorneys for the Plaintiff

MUELLER LAW
404 West 7th Street
Austin, Texas 78701
(512)478-11236
(512)478-1473 (facsimile)

# Margaret M. Thompson MD JD

101 Colorado Street #2208
Austin, TX 78701
512-695-1708
drmargaretthompson.com

**TO:** Mark Mueller, Esq.
**FROM:** Margaret M. Thompson, MD JD
**DATE:** April 2, 2011
**RE:** Medical Care provided to Iris Carr (D.O.B. 1/29/1949)

I am a Board-certified obstetrician-gynecologist, properly licensed in Texas and actively practiced my specialty up to March, 2008, including the 5-years prior to the incidents and omissions made the basis of Plaintiff's claim. I practiced in Austin for twenty-six years, performing more than a thousand surgeries for pelvic relaxation and stress urinary incontinence. I am familiar with the professional standards of care in treating these conditions. These standards relate to the acquisition of sufficient knowledge, the determination of the proper procedure to perform, the obtainment of informed consent, the use of appropriate surgical technique, and the management of postoperative complications.

My education, training, knowledge, experience, and skill qualify me to render a relevant and reliable expert medical opinion in this case. My Curriculum Vitae which is attached to this report and incorporated herein as if set forth in its entirety.

I have reviewed the available medical records for Ms. Carr. On 9/17/2008, she underwent a Pinnacle anterior repair and a TVT Secure sling to treat a cystocele and stress urinary incontinence. This surgery was performed at Rockdale Medical Center by Dr. Stephanie Gordon.

Following this operation, the patient noted worsening of her incontinence, abdominal pain, and symptoms of interstitial cystitis. Dr.Gordon discovered erosion of the mesh into the vagina and attempted to trim the mesh flush with the vagina in her office at The Women's Center. A rectocele was first described on 11/06/2008.

Ms. Carr became frustrated with her care and changed physicians. Dr. Allen Futrall performed a subsequent surgery on 4/13/2009 at Rockdale Medical Center. At this time, the operation consisted of excision of the vaginal mesh and revision of the cystocele repair, a rectocele repair (using Prolift and Spark)), and a redo of the pubovaginal sling.

Breaches of the standard of care by Dr. Gordon, Dr. Futral, The Women's Center P.A., Georgia Urology P.A., and Rockdale Medical Center include, but are not limited to, the following:

1. Failure to have knowledge of the risks associated with the use of mesh in the vagina.
2. Failure to obtain proper informed consent.
3. Failure to select the proper procedure.
4. Failure to properly manage postoperative complications.

All opinions in this report are based on a reasonable degree of medical certainty. I reserve the right to supplement or modify this report as more information becomes available.

Respectfully submitted,

Margaret M. Thompson MD

Margaret M. Thompson MD JD MPAff
CURRICULUM VITAE

**CONTACT:**

Margaret M. Thompson MD, JD, MPAff
512-695-1708
Email: mthompsonmd@gmail.com
Website: drmargaretthompson.com

**PERSONAL:**

Married with four sons; ages 17-29.

**EDUCATION:**

**B.A.** Anthropology, 1974
Rice University, S.M.U.

**M.D.** 1978
Duke University Medical School
AOA Honor Medical Society

**J.D.** Dec. 2007
The University of Texas School of Law

**Masters in Public Affairs** Dec. 2008
The LBJ School of Public Affairs
The University of Texas

**POSTGRADUATE TRAINING:**

1978-1982
Residency in Obstetrics and Gynecology
Duke University Medical Center

**EMPLOYMENT:**

**Adjunct Professor,**
The LBJ School of Public Affairs
The University of Texas
Present

**Private Practice,**
Margaret M. Thompson M.D. P.A.
President, 1982-1997
Renaissance Women's Group
President 1997-2003
North Austin Obstetrics and Gynecology
President 2003-present (stopped active practice March, 2008)

**BOARD CERTIFICATION:**

**Board Certified,** 1984
Obstetrics and Gynecology
**Recertified**, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2009

**LICENSE:**

Texas State Board of Medical Examiners, License number G1890
Texas Bar, License number 24067903

**PROFESSIONAL ASSOCIATIONS:**

American College of Obstetrics and Gynecology
Central Association of Obstetricians and Gynecologists
Texas Association of Obstetricians and Gynecologists
Bayard Carter Society of Obstetricians and Gynecologists
Texas Medical Association
Travis County Medical Society

**POSITIONS AND OFFICES:**

**Duke Task Force on Resident Education**
    Member
**North Austin Medical Center,**
    Peer Review Committee
**University of Texas Women's Athletic Program**
    Gynecology Consultant
    Member, Advisory Board
**Organon, Inc.**
    Member, Advisory Board
**Equal Health Care Alliance**
    Founder and President
    Responsible for passing legislation banning discrimination in health care
        reimbursement
**Renaissance Women's Center**
    Chief of Medical Staff
    Member, Board of Governors
**Texas Association of Obstetricians and Gynecologists**
    Member, Executive Board
**Austin OB-GYN Society**
    President
**Texas Medical Liability Trust**
    Member, Statewide Case Review Committee
**Bayard Carter Society of Obstetricians and Gynecologists**
    Member, Executive Board
    President
**Texas Medical Association**
    Member, Maternal Health Committee
**Seton Medical Center**
    Chief, Obstetrics and Gynecology
    Member, Medical Ethics Committee
    Member, Planning Commission

**AWARDS AND HONORS:**

**Duke University Medical Center**
    Outstanding Surgical Resident
**Best Doctors**

Named one of the best doctors in the U.S. ("Best Doctors Changing the   Face of
American Medicine" – 60 Minutes) BestDoctors.com

**Consumer's Guide to Top Doctors**
Named one of the top doctors in the U.S. ("20,000 Top-Rated Physicians in
America's Largest Metropolitan Areas")

**Ernst and Young Entrepreneur of the Year**
Honored for creating the Renaissance Women's Center, a new concept or
women's specialty hospitals

**Austin Business Journal/KEYE Profiles in Power**
Named one of the five most influential women in Austin

**Speaking of Women's Health**
Honored by this national organization at their inaugural event as the        individual
having the greatest impact on women's health care in Austin

**Austin American Statesman**
Named one of the "Ten to Watch in 1999"

**Austin Family Magazine**
Named Austin's favorite obstetrician-gynecologist in 1997, 1998, 1999, 2002, 2003, 2004

**Austin Monthly Magazine**
Named one of best doctors in Austin in 2002, 2003, 2004, 2007

**Texas Monthly Magazine**
Named one of Texas's "Super Doctors" 2004

## COMMUNITY ACTIVITIES:

**Planned Parenthood of Austin**
Member, Choice Project Steering Committee
Chairman, Medical Affiliate Committee
Member, Board of Directors

**Austin Symphony Orchestra**
Member, Board of Directors

**Leadership Texas**
Participant

**St. Stephen's Episcopal School**
Member, Curriculum Committee
Member, Sex Education Committee

**Texas Society to Prevent Blindness**
Member, Board of Directors

**American Cancer Society, Austin Branch**
Member, Board of Directors

## PUBLICATIONS:

Thompson Margaret, "A Cross-National Comparison of Women's Health  Practices Toward and
Awareness of the Vagina" *Obstet Gynecol* 107(4):875.

Thompson MM, "Women's attitudes, perceptions, and knowledge about the vagina" *Sexuality,
Reproduction, & Medicine* Oct. 2006 (vol.4, issue 2) 74-49.

Thompson, Margaret, "State Health Care Reform Basics" Center for American Progress,
www.americanprogress.org,  March 2008

Thompson, Margaret, "Medical Malpractice and Tort Reform," Center for American Progress,
www.americanprogress.org, May 2008

Thompson, Margaret, "Vaginal Therapies: Increasing Doctor and Patient Acceptance", Association of Reproductive Health Professionals, CORE Curriculum.

Exhibit "A"

# MUELLER LAW

## ATTORNEYS

MARK R. MUELLER
mark@muellerlaw.com

404 West Seventh Street
Austin, Texas 78701
TELEPHONE: (512) 478-1236
FACSIMILE: (512) 478-1473

April 11, 2011

*VIA CMRR 7160 3901 9848 8801 1949*
Women's Center
Attn: Release of Information
1412 Milstead Ave.
Conyers, GA 30012

RE:  REQUEST FOR MEDICAL RECORDS IN ELECTRONIC FORMAT
Our Client: Iris Geraldine Carr
DOB: 01/29/1949
SSN: 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
Request for records:  September 01, 2008- October 01, 2008 and
April 01, 2009- May 011, 2009

Dear Sir or Madam:

We are requesting a **COMPLETE** copy of the medical records of the patient **identified above. We would like the requested medical records in electronic format if available.** Enclosed is a Medical Release/Authorization Form signed for this purpose. The records are needed for possible use in a medical malpractice action.

Please call me for approval if the copying charges exceed $200.  If the charges are below $200, please forward your statement for copying charges along with the records and I will submit it for payment.  If advance payment is requested, please telephone me or send a statement as soon as possible.  We also request that you please include your **tax identification number on your statement** to this office.

Your prompt assistance in this matter is greatly appreciated.

Sincerely,

Genna Bickham
For Mark R. Mueller

/GCB Encl.

HIPAA AUTHORIZATION TO PERMIT THE RELEASE OF
CONFIDENTIAL MEDICAL INFORMATION

PATIENT NAME: *Iris Geraldine Alexander Carr*

DATE OF BIRTH: *1-29-49*   SOCIAL SECURITY NO.: *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*

DATE(S) OF TREATMENT: *9/01/08  1/01/08  and  1/01/09  5/01/09*   HOSPITAL I. D.:

PROVIDER NAME: *Women's Center*

RECORDS TO BE RELEASED: Any and all medical records, business records or copies thereof, including, but not limited, to all head films, CT scans, photographic slides, photographs, videotapes, pathology specimens and slides, and/or radiographic films.

PURPOSE OF DISCLOSURE: To investigate a legal claim. ENTITIES AUTHORIZED TO RECEIVE RECORDS: an authorized representative of Mueller Law, 404 W. 7th Street, Austin, Texas 78701, (512) 478-1236 (telephone), (512) 478-1473 (facsimile) and/or records company authorized to act on their behalf for the purpose of obtaining records.

I understand that the records released pursuant to this Authorization, unless specified otherwise by me, THE INFORMATION AUTHORIZED FOR RELEASE MAY INCLUDE INFORMATION WHICH MAY INDICATE THE PRESENCE OF A COMMUNICABLE AND NONCOMMUNICABLE DISEASE WHICH MAY INCLUDE, BUT IS NOT LIMITED TO, DISEASES SUCH AS HEPATITIS, SYPHILIS, GONORRHEA AND HUMAN IMMUNODEFICIENCY VIRUS ALSO KNOWN AS ACQUIRED IMMUNE DEFICIENCY SYNDROME (AIDS) AND/OR MENTAL HEALTH INFORMATION, INCLUDING ALCOHOL AND SUBSTANCE ABUSE TREATMENT RECORDS. You are authorized and directed to reveal to my attorneys (and only to my attorneys) verbally any information or opinions which you may have. I may revoke this authorization by sending a written revocation to my attorneys at Mueller Law, 404 W. 7 St., Austin, Texas 78701, but will be valid until such time. By this authorization, I hereby revoke all prior authorizations and request that no information be released or communicated to anyone other than my attorneys and their authorized representatives identified above.

The medical provider patient confidentiality privilege has been waived only as to my attorneys and their authorized representatives identified above. Information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and no longer protected. As to all others, the right to the medical provider patient confidentiality privilege is hereby expressly invoked. Except as to my attorneys, the medical provider patient confidentiality privilege has not been abandoned or waived in any way whatsoever. At the risk of breaching confidentiality, communicable and non-communicable, release, or allow access to medical or business records or information to anyone except my attorneys.

I understand that treatment or payment cannot be conditioned on my signing this authorization, except in certain circumstances such as for participation in research programs, or authorization of the release of testing results for pre-employment purposes. A copy of this authorization shall be as effective as the original and ALL HEALTH CARE PROVIDERS are directed to honor this authorization; and the attorneys hereby authorized may use duplicate versions of this authorization, filling in the blank space with the names of the persons or entities from whom the information is sought. This consent is subject to written revocation at any time except to the extent that the Health Care Provider has already acted in reliance on it. This authorization is effective for 3 years from the date of signature below.

*Iris Geraldine Carr*                    *3-28-11*
Signature of                             Date Signed

*Iris Geraldine Carr*
Printed Name

Witness

7160 3901 7848 8801 1949

TO: Women's Center
Attn: Release of Information
1412 Milstead Ave.
Conyers, GA 30012

SENDER: Frederick

REFERENCE: Chris Carr

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | 0.42 |
| | Certified Fee | 2.70 |
| | Return Receipt Fee | 2.20 |
| | Restricted Delivery | 0.00 |
| | Total Postage & Fees | 5.32 |

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK

U.S. POSTAL SERVICE
APR 1 1 2011
DOWNTOWN 74701

# MUELLER LAW

## ATTORNEYS

MARK R. MUELLER
mark@muellerlaw.com

404 West Seventh Street
Austin, Texas 78701
TELEPHONE: (512) 478-1236
FACSIMILE: (512) 478-1473

April 11, 2011

*Via CMRR 7160 3901 9848 8801 1963*
Georgia Urology
Attn: Release of Information
1501 Milstead Rd. Ste. 100
Conyers, GA 30012

RE:   REQUEST FOR MEDICAL RECORDS IN ELECTRONIC FORMAT
Our Client: Iris Geraldine Carr
DOB: 01/29/1949
SSN: 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
Request for records:   September 01, 2008- October 01, 2008 and
April 01, 2009- May 011, 2009

Dear Sir or Madam:

We are requesting a **COMPLETE** copy of **the medical records of the patient identified above. We would like the requested medical records in electronic format if available.** Enclosed is a Medical Release/Authorization Form signed for this purpose. The records are needed for possible use in a medical malpractice action.

Please call me for approval if the copying charges exceed $200. If the charges are below $200, please forward your statement for copying charges along with the records and I will submit it for payment. If advance payment is requested, please telephone me or send a statement as soon as possible. We also request that you please include your **tax identification number on your statement** to this office.

Your prompt assistance in this matter is greatly appreciated.

Sincerely,

Genna Biekham
For Mark R. Mueller

/GCB Encl.

33

HIPAA AUTHORIZATION TO PERMIT THE RELEASE OF
CONFIDENTIAL MEDICAL INFORMATION

PATIENT NAME: _Iris Geraldine Alexander Carr_

DATE OF BIRTH: _1-29-49_   SOCIAL SECURITY NO.: _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_

DATE(S) OF TREATMENT _5/01/05 - 7/01/05 and 8/01/05 - 5/01/05_   HOSPITAL I.D.: _____

PROVIDER NAME: _Georgia Urology_

RECORDS TO BE RELEASED: Any and all medical records, business records or copies thereof, including, but not limited, to all head films, CT scans, photographic slides, photographs, videotapes, pathology specimens and slides, and/or radiographic films.

PURPOSE OF DISCLOSURE: To investigate a legal claim. ENTITIES AUTHORIZED TO RECEIVE RECORDS: an authorized representative of Mueller Law, 404 W. 7th Street, Austin, Texas 78701, (512) 478-1236 (telephone), (512) 478-1473 (facsimile) and/or records company authorized to act on their behalf for the purpose of obtaining records.

I understand that the records released pursuant to this Authorization, unless specified otherwise by me, THE INFORMATION AUTHORIZED FOR RELEASE MAY INCLUDE INFORMATION WHICH MAY INDICATE THE PRESENCE OF A COMMUNICABLE AND NONCOMMUNICABLE DISEASE WHICH MAY INCLUDE, BUT IS NOT LIMITED TO, DISEASES SUCH AS HEPATITIS, SYPHILIS, GONORRHEA AND HUMAN IMMUNODEFICIENCY VIRUS ALSO KNOWN AS ACQUIRED IMMUNE DEFICIENCY SYNDROME (AIDS) AND/OR MENTAL HEALTH INFORMATION, INCLUDING ALCOHOL AND SUBSTANCE ABUSE TREATMENT RECORDS. You are authorized and directed to reveal to my attorneys (and only to my attorneys) verbally any information or opinions which you may have. I may revoke this authorization by sending a written revocation to my attorneys at Mueller Law, 404 W. 7 St., Austin, Texas 78701, but will be valid until such time. By this authorization, I hereby revoke all prior authorizations and request that no information be released or communicated to anyone other than my attorneys and their authorized representatives identified above.

The medical provider patient confidentiality privilege has been waived only as to my attorneys and their authorized representatives identified above. Information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and no longer protected. As to all others, the right to the medical provider patient confidentiality privilege is hereby expressly invoked. Except as to my attorneys, the medical provider patient confidentiality privilege has not been abandoned or waived in any way whatsoever. At the risk of breaching confidentiality, communicable and non-communicable, release, or allow access to medical or business records or information to anyone except my attorneys.

I understand that treatment or payment cannot be conditioned on my signing this authorization, except in certain circumstances such as for participation in research programs, or authorization of the release of testing results for pre-employment purposes. A copy of this authorization shall be as effective as the original and ALL HEALTH CARE PROVIDERS are directed to honor this authorization; and the attorneys hereby authorized may use duplicate versions of this authorization, filling in the blank space with the names of the persons or entities from whom the information is sought. This consent is subject to written revocation at any time except to the extent that the Health Care Provider has already acted in reliance on it. This authorization is effective for 3 years from the date of signature below.

_Iris Geraldine Carr_   _3-28-11_
Signature of   Date Signed

_Iris Geraldine Carr_
Printed Name

_____
Witness

34

7160 3901 9848 8801 1963 

TO: Georgia Urology
Attn: Release of Information
1501 Milstead Rd. Ste. 100
Conyers, GA 30012

SENDER: Frederick

REFERENCE: Elis Carr

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | 0.42 |
| --- | --- | --- |
| | Certified Fee | 2.70 |
| | Return Receipt Fee | 2.20 |
| | Restricted Delivery | 0.00 |
| | Total Postage & Fees | 5.32 |

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK

U.S. POSTAL SERVICE
APR 1 1 2011

35

# MUELLER LAW

### ATTORNEYS

MARK R. MUELLER
mark@muellerlaw.com

404 West Seventh Street
Austin, Texas 78701
TELEPHONE: (512) 478-1236
FACSIMILE: (512) 478-1473

April 11, 2011

*Via CMRR 7160 3901 9848 8801 1956*
Rockdale Medical Center
Attn: Release of Information
1412 Milstead Ave.
Conyers, GA 30012

RE:   REQUEST FOR MEDICAL RECORDS IN ELECTRONIC FORMAT
      Our Client: Iris Geraldine Carr
      DOB: 01/29/1949
      SSN:  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
           Request for records:   September 01, 2008- October 01, 2008 and
                                  April 01, 2009- May 011, 2009

Dear Sir or Madam:

We are requesting a **COMPLETE** copy of the medical records of the patient **identified above. We would like the requested medical records in electronic format if available.** Enclosed is a Medical Release/Authorization Form signed for this purpose. The records are needed for possible use in a medical malpractice action.

Please call me for approval if the copying charges exceed $200. If the charges are below $200, please forward your statement for copying charges along with the records and I will submit it for payment. If advance payment is requested, please telephone me or send a statement as soon as possible. We also request that you please include your **tax identification number on your statement** to this office.

Your prompt assistance in this matter is greatly appreciated.

Sincerely,

Genna Bickham
For Mark R. Mueller

/GCB Encl.

36

**HIPAA AUTHORIZATION TO PERMIT THE RELEASE OF**
**CONFIDENTIAL MEDICAL INFORMATION**

PATIENT NAME: *Iris Geraldine Alexander Carr*

DATE OF BIRTH: 1-29-49       SOCIAL SECURITY NO.: 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

DATE(S) OF TREATMENT: 7/01/08 - 3/01/08 and 1/01/09 - 5/01/09
                                                HOSPITAL I. D.:

PROVIDER NAME: ROCKDALE MEDICAL CENTER

RECORDS TO BE RELEASED: Any and all medical records, business records or copies thereof, including, but not limited, to all head films, CT scans, photographic slides, photographs, videotapes, pathology specimens and slides, and/or radiographic films.

PURPOSE OF DISCLOSURE: To investigate a legal claim. ENTITIES AUTHORIZED TO RECEIVE RECORDS: an authorized representative of Mueller Law, 404 W. 7th Street, Austin, Texas 78701, (512) 478-1236 (telephone), (512) 478-1473 (facsimile) and/or records company authorized to act on their behalf for the purpose of obtaining records.

I understand that the records released pursuant to this Authorization, unless specified otherwise by me, THE INFORMATION AUTHORIZED FOR RELEASE MAY INCLUDE INFORMATION WHICH MAY INDICATE THE PRESENCE OF A COMMUNICABLE AND NONCOMMUNICABLE DISEASE WHICH MAY INCLUDE, BUT IS NOT LIMITED TO, DISEASES SUCH AS HEPATITIS, SYPHILIS, GONORRHEA AND HUMAN IMMUNODEFICIENCY VIRUS ALSO KNOWN AS ACQUIRED IMMUNE DEFICIENCY SYNDROME (AIDS) AND/OR MENTAL HEALTH INFORMATION, INCLUDING ALCOHOL AND SUBSTANCE ABUSE TREATMENT RECORDS. You are authorized and directed to reveal to my attorneys (and only to my attorneys) verbally any information or opinions which you may have. I may revoke this authorization by sending a written revocation to my attorneys at Mueller Law, 404 W. 7 St., Austin, Texas 78701, but will be valid until such time. By this authorization, I hereby revoke all prior authorizations and request that no information be released or communicated to anyone other than my attorneys and their authorized representatives identified above.

The medical provider patient confidentiality privilege has been waived only as to my attorneys and their authorized representatives identified above. Information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and no longer protected. As to all others, the right to the medical provider patient confidentiality privilege is hereby expressly invoked. Except as to my attorneys, the medical provider patient confidentiality privilege has not been abandoned or waived in any way whatsoever. At the risk of breaching confidentiality, communicable and non-communicable, release, or allow access to medical or business records or information to anyone except my attorneys.

I understand that treatment or payment cannot be conditioned on my signing this authorization, except in certain circumstances such as for participation in research programs, or authorization of the release of testing results for pre-employment purposes. A copy of this authorization shall be as effective as the original and ALL HEALTH CARE PROVIDERS are directed to honor this authorization; and the attorneys hereby authorized may use duplicate versions of this authorization, filling in the blank space with the names of the persons or entities from whom the information is sought. This consent is subject to written revocation at any time except to the extent that the Health Care Provider has already acted in reliance on it. This authorization is effective for 3 years from the date of signature below.

_Iris Geraldine Carr_                    3-28-11
Signature of                                     Date Signed
_Iris Geraldine Carr_
Printed Name

Witness

7160 3901 9848 8801 1956

**TO:** Rockdale Medical Center
Attn: Release of Information
1412 Milstead Ave.
Conyers, GA 30012

**SENDER:** Frederick

**REFERENCE:** Elis Carr

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.42 |
| | Return Receipt Fee | 2.70 |
| | Restricted Delivery | 2.20 |
| | Total Postage & Fees | 0.00 |
| | | 5.32 |

US Postal Service
**Receipt for**
**Certified Mail**
No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK or DATE



U.S. POSTAL SERVICE
APR 1 1 2011
DOWNTOWN 78101

Label 66

38

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 37422485
Date: Apr 22 2011 1:54PM
Mark Harper, Clerk

**STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

DO NOT WRITE IN THIS SPACE

11EV012382

FILED IN OFFICE

APR 27 2011

DEPUTY CLERK STATE COURT
FULTON COUNTY, GA.

_____
_____
_____
_____

**Attorney or Plaintiff Name and Address**

_____          vs
_____
_____

**Name and Address of PLAINTIFF**

Ethicon, Inc
Corporation Process Company
2180 Boulevard Ste 400
**Name and Address of DEFENDANT**
Atlanta GA 30317

## MARSHAL'S ENTRY OF SERVICE

**GEORGIA, FULTON COUNTY**

**PERSONAL**

I have this day served the defendant(s) _____
_____ personally with a copy of the within action and summons.
This _____ day of _____, _____ _____
                                                    **DEPUTY MARSHAL**

**NOTORIOUS**

**GEORGIA, FULTON COUNTY**

I have this day served the defendant(s) _____
by leaving a copy of the action and summons at his/their most notorious place of abode in said County.
Delivered same in hands of _____, a
_____ described as follows:
Age, about _____ years; weight, about _____ lbs; height, about _____ ft. _____ in.,
domiciled at the residence of the defendant(s).
This _____ day of _____, _____ _____
                                                    **DEPUTY MARSHAL**

**CORPORATION**

**GEORGIA, FULTON COUNTY**

Served the defendant _____
a copy of the within action and summons with _____, a corporation, by leaving
_____ in charge of the
office and place doing business of said corporation, in Fulton County, Georgia.
This _____ day of _____, _____ _____
                                                    **DEPUTY MARSHAL**

**BETTER ADDRESS**

**GEORGIA, FULTON COUNTY**

Diligent search made and the defendant(s): ETHICON, INC
not to be found in the jurisdiction of said Court for the following reason:
DeKalb Ca

**NON-EST**

Please furnish this office with a new service form with the correct address.
This __22__ day of __Apel__ __2011__ _____
                                                    **DEPUTY MARSHAL**

40

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 3783089
Date: Apr 27 2011  8:42AM
Mark Harper, Clerk

# STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

DO NOT WRITE IN THIS SPACE

11EV012382

FILED IN OFFICE
APR 27 2011
DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

FULTON COUNTY MARSHAL'S DEPARTMENT
2011 APR 21 PM 2

Attorney or Plaintiff Name and Address

_____

_____

vs

**Name and Address of PLAINTIFF**

Stephanie H Gordon, M.D
c/o William A. miller
1570 Phoenix Blvd #100
College Park, GA 30349
**Name and Address of DEFENDANT**

## MARSHAL'S ENTRY OF SERVICE

**GEORGIA, FULTON COUNTY**

I have this day served the defendant(s) _____

_____ personally with a copy of the within action

and summons.

This_____ day of _____ , _____ _____

DEPUTY MARSHAL

**GEORGIA, FULTON COUNTY**

I have this day served the defendant(s)_____

by leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of_____ , a

_____ described as follows:

Age, about _____ years; weight, about_____lbs; height, about_____ft._____in.,

domiciled at the residence of the defendant(s).

This_____ day of_____ , _____ _____

DEPUTY MARSHAL

**GEORGIA, FULTON COUNTY**

Served the defendant _____ , a corporation, by leaving

a copy of the within action and summons with _____ in charge of the

office and place doing business of said corporation, in Fulton County, Georgia.

This_____ day of_____ , _____ _____

DEPUTY MARSHAL

**GEORGIA, FULTON COUNTY**

Diligent search made and the defendant(s): STEPHANIE H. GORDON, M.D

not to be found in the jurisdiction of said Court for the following reason:

CLAYTON COUNTY

Please furnish this office with a new service form with the correct address.

This 22 day of Apr  11  A _____ 420

DEPUTY MARSHAL

PERSONAL

NOTORIOUS

CORPORATION

BETTER ADDRESS

NON-EST

41

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 37948540
Date: Jun 3 2011 2:51PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| IRIS GERALDINE CARR AND RONNIE CARLETON CARR, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 11EV-012-382B |
| vs. | ) ) ) | |
| ETHICON, INC · AMERICAN MEDICAL SYSTEMS, INC : BOSTON SCIENTIFIC, LLC., STEPHANIE H GORDON, M.D., THE WOMEN'S CENTER, P A.; ALLEN ASHLEY FUTRAL, III, M.D ; GEORGIA UROLOGY, P.A.; LIFEPOINT HOSPITALS, INC ; LIFEPOINT HOSPITALS, INC , D/B/A ROCKDALE MEDICAL CENTER; AND JOHN DOE(S) | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION OF ROCKDALE HOSPITAL, LLC
## d/b/a ROCKDALE MEDICAL CENTER
## FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Comes the properly named Defendant Rockdale Hospital LLC d/b/a Rockdale

Medical Center and moves the Court to extend the time to answer or otherwise respond

to the Plaintiffs Complaint As grounds for this motion undersigned counsel would state

to the Court that she was just recently engaged to appear in this action and requires the

additional time of thirty (30) days to obtain the hospital records, investigate the case and

to prepare an appropriate response Undersigned counsel has attempted to reach

Plaintiffs counsel to enter into an agreement but has been unable to do so and due to the

impending deadline counsel was required to move this Honorable Court for an extension

of time

43

Respectfully Submitted

GIDEON, COOPER & ESSARY, PLC

Lisa York Bowman, #423022
400 Perimeter Center Terrace  N E   Suite 900
Atlanta  Georgia 30346

*Attorneys for Defendant,*
*Rockdale Hospital, LLC d/b/a*
*Rockdale Medical Center*

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| IRIS GERALDINE CARR AND<br>RONNIE CARLETON CARR,<br><br>Plaintiffs,<br><br>vs.<br><br>ETHICON, INC.; AMERICAN MEDICAL<br>SYSTEMS, INC.; BOSTON SCIENTIFIC,<br>LLC.; STEPHANIE H. GORDON, M.D.<br>THE WOMEN'S CENTER, P.A.; ALLEN<br>ASHLEY FUTRAL, III, M.D.; GEORGIA<br>UROLOGY, P.A.; LIFEPOINT<br>HOSPITALS, INC.; LIFEPOINT<br>HOSPITALS, INC., D/B/A ROCKDALE<br>MEDICAL CENTER; AND JOHN<br>DOE(S)<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION FILE NO.
11EV-012-382B

## CERTIFICATE OF SERVICE

This will certify that I have this 3rd day of June  2011,  served a true and correct copy of the foregoing *MOTION OF ROCKDALE HOSPITAL, LLC d/b/a ROCKDALE MEDICAL CENTER FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT* upon the individuals listed below by depositing a copy in the United States mail, postage prepaid, addressed as follows.

Mark Mueller  Esq
Mueller Law
404 West 7th Street
Austin. TX 78701
*Attorney for Plaintiff*

Eric Rumanek
Troutman and Sanders
600 Peachtree Street. NE Suite 5200
Atlanta  GA 30308-2216
*Attorney for Ethicon, Inc.*

Respectfully Submitted,

GIDEON, COOPER & ESSARY, PLC

Lisa York Bowman, #423022
400 Perimeter Center Terrace, N.E., Suite 900
Atlanta, Georgia 30346

*Attorneys for Defendant,*
*Rockdale Hospital, LLC d/b/a*
*Rockdale Medical Center*

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 37948540
Date: Jun 3 2011 2:51PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| IRIS GERALDINE CARR AND RONNIE CARLETON CARR, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION FILE NO. 11EV-012-382B |
| ETHICON, INC.; AMERICAN MEDICAL SYSTEMS, INC.; BOSTON SCIENTIFIC, LLC.; STEPHANIE H. GORDON, M.D.; THE WOMEN'S CENTER, P.A.; ALLEN ASHLEY FUTRAL, III, M.D.; GEORGIA UROLOGY, P.A.; LIFEPOINT HOSPITALS, INC.; LIFEPOINT HOSPITALS, INC., D/B/A ROCKDALE MEDICAL CENTER; AND JOHN DOE(S) | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER GRANTING EXTENSION OF TIME TO RESPOND TO COMPLAINT

The above-styled case comes before the Court on the Motion of Defendant, Rockdale Hospital, LLC d/b/a Rockdale Medical Center for Extension of Time to Respond to Complaint. It appearing to the Court that sufficient grounds exist to extend the Defendant's response time, it is

ORDERED that the Defendant's Motion is hereby GRANTED and the Defendant is GRANTED a period of thirty (30) days from this date to file an Answer to Plaintiffs' Complaint.

SO ORDERED this _____ day of _____, 2011.

_____
**Judge Patsy Porter**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

IRIS GERALDINE CARR AND
RONNIE CARLETON CARR,

        Plaintiffs,

vs.

ETHICON, INC.; AMERICAN MEDICAL
SYSTEMS, INC.; BOSTON SCIENTIFIC,
LLC.; STEPHANIE H. GORDON, M.D.
THE WOMEN'S CENTER, P.A.; ALLEN
ASHLEY FUTRAL, III, M.D.; GEORGIA
UROLOGY, P.A.; LIFEPOINT
HOSPITALS, INC.; LIFEPOINT
HOSPITALS, INC., D/B/A ROCKDALE
MEDICAL CENTER; AND JOHN
DOE(S)

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO.
11EV-012-382B

## CERTIFICATE OF SERVICE

    This will certify that I have this 3rd day of June, 2011, served a true and correct copy of the foregoing *ORDER GRANTING EXTENSION OF TIME TO RESPOND TO COMPLAINT* upon the individuals listed below by depositing a copy in the United States mail, postage prepaid, addressed as follows:

    Mark Mueller, Esq.
    Mueller Law
    404 West 7th Street
    Austin, TX 78701
    *Attorney for Plaintiff*

    Eric Rumanek
    Troutman and Sanders
    600 Peachtree Street, NE Suite 5200
    Atlanta, GA 30308-2216
    *Attorney for Ethicon, Inc.*

Respectfully Submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Lisa York Bowman
**Lisa York Bowman, #423022**
400 Perimeter Center Terrace, Suite 900
Atlanta, Georgia 30346

***Attorneys for Defendant,***
***Rockdale Hospital, LLC d/b/a***
***Rockdale Medical Center***

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 3802408
Date: Jun 8 2011 12:32PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| IRIS GERALDINE CARR AND RONNIE CARLETON CARR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION FILE NO. 11EV-012-382B |
| ETHICON, INC.; AMERICAN MEDICAL SYSTEMS, INC.; BOSTON SCIENTIFIC, LLC.; STEPHANIE H. GORDON, M.D.; THE WOMEN'S CENTER, P.A.; ALLEN ASHLEY FUTRAL, III, M.D.; GEORGIA UROLOGY, P.A.; LIFEPOINT HOSPITALS, INC.; LIFEPOINT HOSPITALS, INC., D/B/A ROCKDALE MEDICAL CENTER; AND JOHN DOE(S) | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MOTION OF LIFEPOINT HOSPITALS, INC
## FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Comes the *improperly* named Defendant, Lifepoint Hospitals, Inc., and moves the Court to extend the time to answer or otherwise respond to the Plaintiffs' Complaint. As grounds for this motion, undersigned counsel would state to the Court that she was just recently engaged to appear in this action and requires the additional time of thirty (30) days to obtain the hospital records, investigate the case, and to prepare an appropriate response. Undersigned counsel has attempted to reach Plaintiffs' counsel to enter into an agreement but has been unable to do so, and due to the impending deadline, counsel was required to move this Honorable Court for an extension of time.

This 8th day of June, 2011.

Respectfully Submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Lisa York Bowman
**Lisa York Bowman, #423022**
400 Perimeter Center Terrace, N.E., Suite 900
Atlanta, Georgia 30346

*Attorneys for Defendant,*
*Rockdale Hospital, LLC d/b/a*
*Rockdale Medical Center*

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

IRIS GERALDINE CARR AND )
RONNIE CARLETON CARR, )
)
)
Plaintiffs, )
)
vs. )
)
)
ETHICON, INC.; AMERICAN MEDICAL )
SYSTEMS, INC.; BOSTON SCIENTIFIC, )
LLC.; STEPHANIE H. GORDON, M.D. )
THE WOMEN'S CENTER, P.A.; ALLEN)
ASHLEY FUTRAL, III, M.D.; GEORGIA )
UROLOGY, P.A.; LIFEPOINT )
HOSPITALS, INC.; LIFEPOINT )
HOSPITALS, INC., D/B/A ROCKDALE )
MEDICAL CENTER; AND JOHN )
DOE(S) )
)
)
Defendants. )
)

CIVIL ACTION FILE NO.
11EV-012-382B

## CERTIFICATE OF SERVICE

This will certify that I have this 8th day of June, 2011, served a true and correct copy of the foregoing *MOTION OF LIFEPOINT HOSPITAL, INC. FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT* upon the individuals listed below by depositing a copy in the United States mail, postage prepaid, addressed as follows:

Mark Mueller, Esq.
Mueller Law
404 West 7th Street
Austin, TX 78701
**Attorney for Plaintiff**

Eric Rumanek
Troutman and Sanders
600 Peachtree Street, NE Suite 5200
Atlanta, GA 30308-2216
**Attorney for Ethicon, Inc.**

Respectfully Submitted,

**GIDEON, COOPER & ESSARY, PLC**

_____/s/ Lisa York Bowman
**Lisa York Bowman, #423022**
400 Perimeter Center Terrace, N.E., Suite 900
Atlanta, Georgia 30346

***Attorneys for Defendant,***
***Rockdale Hospital, LLC d/b/a***
***Rockdale Medical Center***

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 3802408
Date: Jun 8 2011 12:32PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| IRIS GERALDINE CARR AND RONNIE CARLETON CARR, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>ETHICON, INC.; AMERICAN MEDICAL SYSTEMS, INC.; BOSTON SCIENTIFIC, LLC.; STEPHANIE H. GORDON, M.D.; THE WOMEN'S CENTER, P.A.; ALLEN ASHLEY FUTRAL, III, M.D.; GEORGIA UROLOGY, P.A.; LIFEPOINT HOSPITALS, INC.; LIFEPOINT HOSPITALS, INC., D/B/A ROCKDALE MEDICAL CENTER; AND JOHN DOE(S) )<br><br>Defendants. ) | CIVIL ACTION FILE NO.<br>11EV-012-382B |

## PROPOSED ORDER
## GRANTING EXTENSION OF TIME TO RESPOND TO COMPLAINT

The above-styled case comes before the Court on the Motion of Defendant, Lifepoint Hospitals, Inc. for Extension of Time to Respond to Complaint. It appearing to the Court that sufficient grounds exist to extend the Defendant's response time, it is

ORDERED that the Defendant's Motion is hereby GRANTED and the Defendant is GRANTED a period of thirty (30) days from this date to file an Answer or otherwise respond to Plaintiffs' Complaint.

SO ORDERED this _____ day of _____, 2011.

_____
**Judge Patsy Porter**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

IRIS GERALDINE CARR AND )
RONNIE CARLETON CARR, )
 )
 )
**Plaintiffs,** )
 )
vs. )
 )
 )
 )
ETHICON, INC.; AMERICAN MEDICAL )
SYSTEMS, INC.; BOSTON SCIENTIFIC, )
LLC.; STEPHANIE H. GORDON, M.D. )
THE WOMEN'S CENTER, P.A.; ALLEN )
ASHLEY FUTRAL, III, M.D.; GEORGIA )
UROLOGY, P.A.; LIFEPOINT )
HOSPITALS, INC.; LIFEPOINT )
HOSPITALS, INC., D/B/A ROCKDALE )
MEDICAL CENTER; AND JOHN )
DOE(S) )
 )
 )
**Defendants.** )
———————————————————)

CIVIL ACTION FILE NO.
11EV-012-382B

## CERTIFICATE OF SERVICE

This will certify that I have this 3rd day of June, 2011,  served a true and correct copy of the foregoing *ORDER GRANTING EXTENSION OF TIME TO RESPOND TO COMPLAINT* upon the individuals listed below by depositing a copy in the United States mail, postage prepaid, addressed as follows:

Mark Mueller, Esq.
Mueller Law
404 West 7th Street
Austin, TX 78701
***Attorney for Plaintiff***

Eric Rumanek
Troutman and Sanders
600 Peachtree Street, NE Suite 5200
Atlanta, GA 30308-2216
***Attorney for Ethicon, Inc.***

Respectfully Submitted,

**GIDEON, COOPER & ESSARY, PLC**

/s/ Lisa York Bowman
**Lisa York Bowman, #423022**
400 Perimeter Center Terrace, Suite 900
Atlanta, Georgia 30346

***Attorneys for Defendant,***
***Rockdale Hospital, LLC d/b/a***
***Rockdale Medical Center***

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 38034800
Date: Jun 8 2011 5:07PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

IRIS GERALDINE CARR AND )
RONNIE CARLETON CARR, )
          )
    Plaintiffs, )
          )
v. )        CIVIL ACTION FILE
          )        NUMBER 11EV012382B
ETHICON, INC.; AMERICAN MEDICAL )
SYSTEMS, INC.; BOSTON SCIENTIFIC, )
LLC; STEPHANIE H. GORDON, M.D.; )
THE WOMEN'S CENTER, P.A.; ALLEN )
ASHLEY FUTRAL, III, M.D.; GEORGIA )
UROLOGY, P.A.; LIFEPOINT )
HOSPITALS, INC.; LIFEPOINT )
HOSPITALS, INC., D/B/A ROCKDALE )
MEDICAL CENTER; AND JOHN DOE(S), )
          )
    Defendants. )

### ALLEN FUTRAL, III, M.D'S MOTION TO DISMISS

COMES NOW Allen Ashley Futral, III, M.D. and without submitting to the jurisdiction of this Court, moves the Court for an Order dismissing Plaintiffs' Complaint with prejudice on the grounds that:

(1)    Plaintiffs failed to attach an expert affidavit to their Complaint as required by O.C.G.A. § 9-11-9.1; and

(2)    Plaintiffs did not timely perfect service on this Defendant and Plaintiffs' claims are therefore barred by the applicable Statute of Limitations.

WHEREFORE, Defendant prays that his Motion to Dismiss be inquired into and sustained and that Plaintiffs' Complaint be dismissed with prejudice with all costs cast upon Plaintiffs.

[SIGNATURES ON NEXT PAGE]

This 8th day of June, 2011.

Respectfully submitted,

ALLEN, McCAIN & O'MAHONY, P.C.

/s/ Hunter S. Allen, Jr.
Hunter S. Allen, Jr.
Georgia Bar No. 010700

/s/ Cara E. Weiner
Cara E. Weiner
Georgia Bar No. 173008

Two Midtown Plaza, Suite 1700
1349 W. Peachtree St., N.W.
Atlanta, Georgia 30309
(404) 874-1700

*Attorneys for Defendant*
*Allen Futral, III, M.D.*

-2-

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing **ALLEN FUTRAL, III, M.D.'S MOTION TO DISMISS** upon counsel of record for all parties via e-file and by placing the same in the United States mail in a properly addressed envelope with first class postage, addressed as follows:

Mark R. Mueller
404 West 7th
Austin, Texas 78701

This 8th day of June, 2011.

/s/ Hunter S. Allen, Jr.
Hunter S. Allen, Jr.
Georgia Bar No. 010700

-3-

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 3803480(
Date: Jun 8 2011 5:07PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| IRIS GERALDINE CARR AND<br>RONNIE CARLETON CARR,<br><br>Plaintiffs,<br><br>v.<br><br>ETHICON, INC.; AMERICAN MEDICAL<br>SYSTEMS, INC.; BOSTON SCIENTIFIC,<br>LLC; STEPHANIE H. GORDON, M.D.;<br>THE WOMEN'S CENTER, P.A.; ALLEN<br>ASHLEY FUTRAL, III, M.D.; GEORGIA<br>UROLOGY, P.A.; LIFEPOINT<br>HOSPITALS, INC.; LIFEPOINT<br>HOSPITALS, INC., D/B/A ROCKDALE<br>MEDICAL CENTER; AND JOHN DOE(S),<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION FILE<br>)   NUMBER 11EV012382B<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ALLEN FUTRAL, III, M.D.'S BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW ALLEN ASHLEY FUTRAL, III, M.D. and without submitting to the jurisdiction of this Court files this Brief in Support of Motion to Dismiss and shows this Honorable Court as follows:

### I.  FACTUAL CONTENTIONS

Plaintiffs filed this lawsuit on April 12, 2011, alleging, *inter alia*, that Dr. Futral committed medical malpractice in failing to have knowledge of the risks associated with the use of mesh in the vagina, failure to obtain proper informed consent, failure to select the proper procedure and failure to properly manage postoperative complications. (Plaintiffs' Complaint, ¶ 32). This Defendant has denied all allegations. (See Answer of Allen Ashley Futral, III, M.D.). According to the Complaint, Mrs. Carr underwent a surgical procedure on September 17, 2008 to repair a grade 3 cystocele and stress incontinence, which was performed by Stephanie Gordon,

M.D at Rockdale Medical Center in Conyers, Ga. (Plaintiffs' Complaint, ¶ 18).   Plaintiffs allege that approximately 3 months later, on December 15, 2008 that Defendant Gordon attempted to trim portions of the mesh which was implanted in Mrs. Carr's vagina.  (Plaintiffs' Complaint, ¶ 20).   Plaintiffs further allege that on April 13, 2009, she underwent a subsequent surgery for stress urinary incontinence, grade 3 rectocele and vaginal mesh erosion by Allen Futral, M.D. (Plaintiffs' Complaint, ¶ 21).

An expert affidavit was not filed with the Complaint as required by O.C.G.A. § 9-11.9.1, but attached instead was a memo from Margaret M. Thompson, M.D., J.D. which states that, *inter alia*,  Dr. Futral violated the standard of care.  (See memo from Margaret M. Thompson, M.D., J.D. attached to Plaintiffs' Complaint).   The memo is not notarized, nor does Dr. Thompson's signature appear to be handwritten.  (Id.).   There is no indication on the document that Dr. Thompson took an oath before signing or stamping or otherwise affixing her signature to the document. (Id.).

This Defendant has not yet been served with a copy of this lawsuit.   This Defendant specifically asserted the affirmative defenses of both the insufficiency of process and insufficiency of service of process in his Answer, which was filed contemporaneously with this Brief in Support of Motion to Dismiss.  (See Answer of Allen Ashley Futral, III, M.D., Second Defense).

## II.  ARGUMENT AND CITATION OF AUTHORITIES

**A.  Plaintiffs' Complaint Failed to include the O.C.G.A. § 9-11.9.1 Expert Affidavit As Required by Georgia Law and Must be Dismissed with Prejudice.**

O.C.G.A. § 9-11.9.1 requires that in a professional malpractice action the plaintiff submit an affidavit of an expert competent to testify that there was at least one negligent act or omission and the factual basis for the same.  O.C.G.A. § 9-11.9.1 states:

> a) In any action for damages alleging professional malpractice against:
>
> (1) A professional licensed by the State of Georgia and listed in subsection (g) of this Code section;
>
> (2) A domestic or foreign partnership, corporation, professional corporation, business trust, general partnership, limited partnership, limited liability company, limited liability partnership, association, or any other legal entity alleged to be liable based upon the action or inaction of a professional licensed by the State of Georgia and listed in subsection (g) of this Code section; or
>
> (3) Any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (g) of this Code section,
>
> **The plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.**

(Emphasis supplied).  In this case, Plaintiffs attached to the Complaint a memo dated April 2, 2011 that states that Dr. Futral and Georgia Urology, P.A. breached the standard of care.  The memo appears to have a stamped or pre-fabricated signature, does not have a jurat and does not evidence that Dr. Thompson took an oath attesting to the truthfulness of the memo.     (See generally, Memo from Margaret M. Thompson M.D., J.D.).  Georgia law is clear that for a document to be an affidavit it must satisfy three essential elements: (1) a written oath embodying the facts as sworn to by the affiant; (2) the signature of the affiant; and (3) the attestation by an officer authorized to administer the oath that the affidavit was actually sworn to by the affiant before the officer.  Roberson v. Ocwen Federal Bank FSB, 553 S.E.2d 162 (2001); Auito v. Auito, 704 S.E.2d 789 (2011).  See also Wilson v. State, 664 S.E.2d 890 (2008) (to make a valid

-3-

affidavit the affiant must swear to it, the fact of his swearing must be certified by a proper officer, and there must be something done which amounts to the administration of an oath); Lee v. CSX Transp., Inc., 503 S.E.2d 309 (1998) (in the absence of a valid jurat a writing purportedly in the form of an affidavit has no force and no validity).

Here, Plaintiffs failed to comply with each of the three requirements of an affidavit and therefore the memo attached to the Complaint is not an affidavit.  Plaintiffs complaint therefore fails to meet the requirements of O.C.G.A. § 9-11-9.1.

Georgia law is clear that if the required expert affidavit is not filed with a medical malpractice complaint, the complaint is subject to dismissal for failure to state a claim, and a dismissal for failure to state a claim is a dismissal on the merits and is with prejudice. Bardo v. Liss, 273 Ga.App. 103 (2005); Merck v. Saint Joseph's Hosp. of Atlanta, Inc., 251 Ga.App. 631 (2001) (a medical malpractice complaint that is not accompanied by the required expert's affidavit is subject to dismissal); Mendoza v. Pennington 239 Ga. App. 300 (1999) (in any action for professional malpractice, a plaintiff is required to file with the complaint an expert affidavit setting forth a negligent act or omission; failure to do so results in a dismissal with prejudice).

Therefore, as Plaintiffs failed to file an expert affidavit with their Complaint as required by Georgia law, the Complaint should be dismissed with prejudice as to this Defendant.

**B.   Plaintiff's Complaint is Barred by the Statute of Limitations.**

Dr. Futral performed his surgery on Mrs. Carr on April 13, 2009.  (Complaint ¶ 21). Plaintiffs' Complaint was filed on April 12, 2011, and one day later, on April 13, 2011, the two-year statute of limitations expired.  O.C.G.A. § 9-3-71(a).  Dr. Futral has not been served with a copy of this lawsuit.  Georgia law requires that service of process be accomplished five days after a lawsuit is filed.  O.C.G.A. 9-11-4(c).  Georgia case law has consistently held that when

the statute of limitations expires after the complaint is filed, but before the defendant is served, the plaintiff must show that reasonable and diligent efforts were made to ensure proper service as expeditiously as possible. If the plaintiff was not diligent, he is guilty of laches and service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitations. Siler v. Johns 173 Ga. App. 692 (1985); Tate v. Coastal Utilities, Inc., 247 Ga.App. 738 (2001) (cert. denied); Pringle v. Jaganauth, 240 Ga.App. 65 (1999). A plaintiff has the burden to (a) ascertain a defendant's address and (b) show lack of fault if the defendant is not timely served. Sykes v. Springer, 220 Ga. App. 388, 469 S.E.2d 472 (1996). Whether a plaintiff failed to exercise the required due diligence in perfecting service upon the defendant after the running of the statute of limitations is a matter within the court's discretion and will only be disturbed on appeal in cases of abuse. Flemingster v. Hopko, 230 Ga. App. 93, 495 S.E.2d 342 (1998). In one case, the Georgia Court of Appeals found a plaintiff guilty of laches for failing to serve the defendant in 18 days. Parker v. Silviano, 284 Ga. App. 278, 643 S.E.2d 819 (2007). In another case, the Georgia Court of Appeals found a plaintiff guilty of laches for failing to perfect service in 21 days. Zeigler v. Hambrick, 257 Ga. App. 356, 571 S.E.2d 418 (2002). In this case, the lawsuit was filed on April 12, 2011 and it has now been fifty-seven days since the case was filed and Dr. Futral still has not been served.

The statute of limitations ran on April 13, 2011 – two years from the date Dr. Futral's surgery was performed upon Mrs. Carr. A fifty-seven day delay is inexplicable. Plaintiffs are guilty of laches for the failure to timely perfect service, and this lawsuit must therefore be dismissed because it is barred by the statute of limitations.

-5-

### 3.  CONCLUSION

Plaintiffs failed to file an affidavit of an expert contemporaneously with their lawsuit as required by O.C.G.A. § 9-11-9.1.  Plaintiffs cannot be said to have been reasonable and diligent when they have wholly and completely failed to perfect service on Dr. Futral and their Complaint is therefore barred by the statute of limitations.  For each of these reasons, Plaintiffs' Complaint should be dismissed with prejudice.

WHEREFORE, Defendant prays that his Motion to Dismiss be inquired into and sustained and that Plaintiff's Complaint be dismissed with prejudice with all costs casts upon the Plaintiffs.

This 8th day of June, 2011.

Respectfully submitted,

ALLEN, McCAIN & O'MAHONY, P.C.


/s/ Hunter S. Allen, Jr.
Hunter S. Allen, Jr.
Georgia Bar No. 010700


/s/ Cara E. Weiner
Cara E. Weiner
Georgia Bar No. 173008

*Attorneys for Defendant*
*Allen Futral, III, M.D.*

Two Midtown Plaza, Suite 1700
1349 W. Peachtree Street, NW
Atlanta, Georgia 30309
(404) 874-1700

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing **ALLEN FUTRAL, III M.D.'S BRIEF IN SUPPORT OF MOTION TO DISMISS** upon counsel of record for all parties via e-file and by placing the same in the United States mail in a properly addressed envelope with first class postage, addressed as follows:

Mark R. Mueller<br>
404 West 7th<br>
Austin, Texas 78701

This 8th day of June, 2011.

/s/ Hunter S. Allen, Jr.<br>
Hunter S. Allen, Jr.<br>
Georgia Bar No. 173008